UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL GORDON,<br>ANDREAN JAGGON,<br>DAGOBERTO OLEA, and<br>DAPHNE JEAN,<br><br>Defendants | No. 15-CR-10304-DPW |

**ORDER ON DEFENDANT'S MOTION FOR A BILL OF PARTICULARS PERTAINING TO DAGOBERTO OLEA**

November 18, 2015

CABELL, U.S.M.J.

**INTRODUCTION**

On September 23, 2015, the grand jury returned a 14 count superseding indictment charging a total of four defendants with various offenses arising from their alleged participation in a marijuana drug trafficking operation. With respect to the defendant Dagoberto Olea (the defendant), the indictment alleges that he conspired with the other three codefendants over an approximate three year period to possess with intent to distribute over 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846, but does not otherwise provide any specific details regarding his alleged conduct. The defendant argues that he needs additional information in order to defend against the charge, and has filed the pending Motion for A Bill of Particulars

Pertaining to Dagoberto Olea, seeking: (1) a precise description of the alleged conspiracy; (2) the places and dates of discussion and agreement with co-conspirators; (3) the precise manner in which he assisted in the alleged interstate distribution of marijuana; (4) the precise manner by which he allegedly distributed or sold marijuana in furtherance of the conspiracy; (5) the precise means, if any, by which he transported marijuana outside of California; and (6) what monetary remunerations, if any, he obtained from his co-conspirators for his alleged involvement in this alleged conspiracy. (Dkt. No. 143). For the reasons that follow, the motion is DENIED.

## **DISCUSSION**

A bill of particulars is not a discovery tool and it should not be used to obtain disclosure of "evidence, witnesses to be offered at trial, or the government's legal theories." *United States v. Stryker Biotech, LLC*, No. 09-10330-GAO, 2010 WL 2900684, *3 (D. Mass. Jul. 21, 2010) (citing *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir.1985)). Rather, its purpose "is to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." *Id.* (citing *United States v. Paiva*, 892 F.2d 148, 154 (1st Cir.1989)). A motion for a bill of particulars should be granted only where "the charges set forth in the indictment are so general that they fail to inform the defendant of the specific acts of which he is accused." *Unites States v. Blumberg*, No. 3:97-CR-119, 1998 WL 136174, *3 (D. Conn. Mar. 11, 1998) (citing *United States v. Torres*, 901 F.2d 205, 234 (2d Cir.)).

Courts deciding requests for bills of particulars thus consider factors such as the complexity of the charges facing a defendant, the amount of detail in the indictment, the nature of the discovery already provided to the defendants, and whether the information sought relates to matters the government will have to prove at trial. *Stryker Biotech, LLC*, 2010 WL 2900684

at *3; *United States v. Salemme*, No. 94-10287, 1997 WL 37530 (D. Mass. Jan. 13, 1997) (granting motion in part because of complexity of allegations); *United States v. Hsia*, 24 F. Supp. 2d 14, 31 (D.D.C. 1998) (denying portion of motion seeking disclosure of all overt acts committed in furtherance of conspiracy because the government does not have the burden at trial of proving all overt acts). A defendant has the burden of showing that further disclosures are needed to prevent prejudicial surprise, or to allow a meaningful opportunity to defend the action. *Stryker Biotech, LLC*, 2010 WL 2900684 at *4 (citing *United States v. Rogers*, 617 F. Supp. 1024, 1027 (D. Colo. 1985)). The question for the Court, therefore, "is not whether the information sought would be beneficial to the defendant, but whether it is ***necessary*** to his defense." *Blumberg*, 1998 WL 136174 at *3 (emphasis added).

Applying the foregoing here, the defendant has not met his burden of showing that he needs additional information to understand the charges against him or to avoid surprise at trial. As an initial matter, the single charge against the defendant is fairly simple; it alleges that he engaged in a conspiracy with three other people over a three year period to distribute marijuana. And although it is true that the indictment provides very little information regarding the specific type and size of role the defendant is alleged to have played in that three year conspiracy, it does set out the nature of the underlying criminal offense, the relevant time period of the conspiracy, and the identities of the co-conspirators. The First Circuit has held that an indictment providing such information is not so impermissibly vague as to warrant a bill of particulars. *See United States v. Hallock*, 941 F.2d 36, 40 (1st Cir. 1991) (affirming denial of motion for bill of particulars where indictment containing dates of conspiracy, names of co-conspirators and object of conspiracy provided information sufficient to apprise defendant of the crime charged); *Pavia*, 892 F.2d at 155.

More importantly, though, the government in its opposition avers that it has provided the defendant with "voluminous" discovery, including investigative reports, witness statements and financial records, as well as a detailed law enforcement affidavit which "literally explains in detail the manner in which the conspiracy operated, who was involved, and the role played in it by Olea." The government further asserts that the discovery in the aggregate details the transfer of large sums of money from one co-conspirator's (Gordon) account to ones held by the defendant and his brother, evidence of Gordon's contact with the defendant at times and in a manner consistent with the use of rental cars to transport and ship marijuana, evidence of the defendant's arrest in one of those vehicles laden with marijuana, and evidence obtained following that arrest tending to support the contention that the defendant was acting in furtherance of the charged conspiracy. The defendant does not dispute having received such discovery or the government's characterization of it.

Against this backdrop, then, it is possible, and perhaps even probable, that the government has already provided the defendant with the thrust of the information he seeks. Regardless, and to be clear, the Court concludes that the indictment along with the government's discovery are easily sufficient to apprise the defendant of the charge against him and to allow him prepare a defense and avoid surprise at trial. It follows that the indictment in context is not impermissibly vague, and the defendant is not entitled by way of a bill of particulars to the additional information he seeks.

**CONCLUSION**

For the foregoing reasons, the Motion for A Bill of Particulars Pertaining to Dagoberto Olea is DENIED.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: November 18, 2015